UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERT MOORE,<br><br>    Petitioner,<br><br>v.<br><br>TERRY KIRKHAM,<br><br>    Respondent. | Case No. 1:12-cv-00547-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is Petitioner Albert Moore's Petition for Writ of Habeas Corpus (Dkt. 3). Respondent has filed two motions to dismiss the Petition: (1) a Motion for Summary Dismissal based on the alleged procedural default of Petitioner's habeas claims (Dkt. 11), and (2) a Motion To Dismiss for Lack of Jurisdiction (Dkt. 25). Petitioner has filed responses to the motions (Dkt. 15 & 30), as well as several motions of his own (Dkt. 19, 22, 31, & 33).

  The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on July 17, 2013, and August 30, 2013. (Dkt. 10 & 16). *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). The Court also will grant in part Respondent's unopposed request to enlarge the record. (*See* Dkt. 25-1 at 2 n.1.) Along with the Motion To Dismiss for Lack of Jurisdiction, Respondent submitted two Appendices. (Dkt. 25-2.) Appendix A is Petitioner's judgment

**MEMORANDUM DECISION AND ORDER  1**

of conviction of misdemeanor DUI, entered on June 10, 2010. Because this self-authenticating document is clearly a record of Petitioner's state court proceedings, the Court takes judicial notice of Appendix A. *See* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551. However, the Court will deny Respondent's request to enlarge the record with respect to Appendix B. Although it appears to be a shorthand record of Petitioner's misdemeanor DUI sentencing hearing on June 10, 2012, the Court cannot be certain of that from the face of the document.

      The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 14.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order dismissing this case with prejudice for lack of subject matter jurisdiction.

## BACKGROUND

      The procedural history surrounding Petitioner's state court proceedings is somewhat complex. Petitioner was initially charged in 2006 in a separate case, in the Fourth Judicial District Court in Ada County, Idaho, of misdemeanor driving under the influence (DUI). The State later amended that charge to felony DUI after it determined

**MEMORANDUM DECISION AND ORDER  2**

that Petitioner had two prior convictions for DUI, one in Idaho and one in North Dakota. *State v. Moore*, 231 P.3d 532, 536-37 (Idaho Ct. App. 2010) ("*Moore I*"). This first DUI case was delayed for various reasons.

While that DUI charge was pending, Petitioner was arrested again and charged with felony DUI in a second case, which is the subject of the habeas Petition in this case. The felony enhancement in this second case was again based on Petitioner's prior Idaho and North Dakota DUI convictions. *Moore I*, 231 P.3d at 536. Petitioner pleaded not guilty, and there was a bifurcated trial. After the jury found Petitioner guilty of DUI, it then considered whether he had been convicted of two other DUIs within the last ten years for purposes of the felony enhancement. The jury concluded that Petitioner had been so convicted, and the court entered a judgment of conviction to felony DUI. Petitioner was sentenced to a unified term of six years imprisonment, with one year fixed. *Id.*

After the trial and judgment in the second DUI case, Petitioner entered a conditional *Alford*[1] plea in the first DUI case. *Id.* Petitioner was again sentenced to six years in prison with one year fixed, the sentences to run concurrently. *Id.* at 36. That conviction is the subject of a separate federal habeas case filed by Petitioner and currently pending in this Court: *Moore v. Little*, Case No. 1:13-cv-00007-REB (D. Idaho).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that a court may accept and sentence a defendant upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

**MEMORANDUM DECISION AND ORDER  3**

Petitioner appealed both DUI convictions, and the appeals were consolidated. With respect to the second DUI case, at issue in the instant habeas petition, the Idaho Court of Appeals vacated the felony enhancement because the documents admitted to prove Petitioner's North Dakota conviction were not properly authenticated. *Moore I*, 231 P.3d at 538.

On remand, the court entered a judgment of conviction for misdemeanor DUI. The court sentenced Petitioner to 365 days in jail and simultaneously gave Petitioner 365 days credit for time served. That judgment was entered June 10, 2010. (State's Lodging G-2 at 9; Dkt. 25-2, Appx. A.) Therefore, on that date Petitioner had already finished serving his sentence for the misdemeanor DUI. He was, however, still in prison on his felony DUI conviction[2]—which, although remanded along with the other DUI case, was not ultimately affected by the Court of Appeals' decision regarding the authenticity of the documents relating to Petitioner's North Dakota conviction.[3]

Petitioner initiated state postconviction proceedings but was denied relief. (*See*

---

[2] Petitioner has since completed his sentence on the felony DUI conviction and has been released from custody.

[3] With respect to the felony DUI case in which Petitioner entered a *Alford* plea, the state court determined on remand that the reservation of appellate rights in Petitioner's plea agreement did not encompass the issue of the authenticity of the North Dakota documents of conviction. *State v. Moore*, 268 P.3d 471, 472 (Idaho Ct. App. 2011) ("*Moore II*"). To allow Petitioner to appeal that decision, the trial court entered an amended judgment of conviction after stating his intention to "impose" the original sentence. The amended judgment, however, incorrectly stated the sentence as *five* years in prison with one year fixed, rather than *six* years in prison with one year fixed. The court later issued a second amended judgment correcting this "clerical error" under Idaho Criminal Rule 36. *Id.* at 472-74. The Idaho Court of Appeals affirmed this conviction and sentence. *Id.* at 474.

**MEMORANDUM DECISION AND ORDER  4**

*Moore v. State*, 2012 WL 9495688 (Idaho Ct. App. Sept. 17, 2012) (unpublished) ("*Moore III*"). He filed the instant Petition on October 29, 2012, asserting the following claims: (1) "perjury" by law enforcement officers at his trial, (2) the "withholding [of] evidence" by the prosecution that would have allegedly proven that the North Dakota conviction should not have enhanced the Idaho DUI charge to a felony, (3) another claim of "withholding [of] evidence," based apparently on the failure of the trial court to provide the jury with a "read-back" of a police officer's testimony, (4) "false imprisonment" because the North Dakota judgment should not have enhanced the Idaho sentence, (5) "double jeopardy," based on the trial court's resentencing of Petitioner on remand without a jury trial, and (6) "vindictive prosecution" because the prosecutor withheld "N.D. case law." (Dkt. 3 at 2-10.) The Court liberally construed Claims 1 through 4 and 6 as due process claims, and Claim 5 as a double jeopardy claim. (Initial Review Order, Dkt. 8, at 3.)

## DISCUSSION

Respondent argues that the Court lacks jurisdiction to entertain the Petition because Petitioner had already served his sentence for the challenged misdemeanor DUI conviction at the time he filed the Petition.[4] Petitioner's sentence for that conviction ended in June 2010, when the trial court on remand sentenced Petitioner to 365 days in

---

[4] Although Respondent did not make this argument in the initial Motion for Summary Dismissal, "challenges to a federal court's subject matter jurisdiction cannot be waived and may be raised at any time." *Kuntz v. Lamar Corp.*, 385 F.3d 1117, 1181 (9th Cir. 2004).

**MEMORANDUM DECISION AND ORDER  5**

jail and gave him credit for the entire time. Petitioner filed his Petition for Writ of Habeas Corpus in October 2012, over two years after he had completed serving his sentence on the misdemeanor DUI conviction.

For a federal court to have jurisdiction over a matter, the petitioner must show that a case or controversy exists at every stage of a judicial proceeding. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A habeas corpus action is an extremely particularized type of action. This Court has subject matter jurisdiction in habeas corpus actions only when the petitioner is a person who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). While collateral consequences of a conviction may be enough to allow a Court to *continue* to adjudicate a claim if the Petitioner filed the habeas petition during his sentence but completed that sentence before adjudication of the claims in the petition, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of [*initiating*] a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

The United States Court of Appeals for the Ninth Circuit identified two exceptions to this rule in *Brock v. Weston*, 31 F.3d 887 (9th Cir. 1994). A prior completed sentence can be challenged if, *at the time of the filing* of the habeas petition, the petitioner was incarcerated (1) on another current sentence that is the result of an enhancement based upon the prior conviction and completed sentence, or (2) on another current sentence if there is a "positive and demonstrable nexus" between the prior conviction and completed

**MEMORANDUM DECISION AND ORDER  6**

sentence on one hand, and the current conviction and sentence on the other.[5] *Id.* at 890. In such a case, a federal court should construe the petition as an attack on the later, enhanced conviction. *Id.* After *Brock v. Weston*, the United States Supreme Court recognized a third exception. In *Garlotte v. Fordice*, 515 U.S. 39, 45-56 (1995), the Court held that an inmate may challenge a completed sentence if he is still serving time on a consecutive sentence at the time of filing.

In this case, Petitioner was in custody only for the felony DUI conviction—the one in which he entered an *Alford* plea—at the time he filed his Petition challenging the misdemeanor DUI conviction and completed sentence. Petitioner acknowledges that his sentences for the misdemeanor DUI and the felony DUI ran *concurrently*, not consecutively (Dkt. 30 at 2), so the exception identified in *Garlotte* does not apply. *See Mays v. Dinwiddie*, 580 F.3d 1136, 1140 (10th Cir. 2009) (holding that *Garlotte* does not apply to an expired, concurrent sentence).

Additionally, nothing in the record demonstrates that either of the *Brock* exceptions applies in this case. Although the felony DUI charge to which Petitioner entered an *Alford* plea was based on the same North Dakota conviction as that initially used at trial in the misdemeanor DUI case, the felony DUI conviction is not an

---

[5] For example, in *Brock*, the court determined that there was a positive and demonstrable nexus between the petitioner's prior expired conviction for second degree assault and his current commitment as a sexually violent predator, because the prior act was a "necessary predicate to the confinement" as a sexually violent predator. 31 F.3d at 890. Similarly, in *Lowery v. Young*, 887 F.2d 1309, 1312 (7th Cir. 1989), the Seventh Circuit determined that there was a sufficient nexus between prior Georgia convictions and a current Wisconsin sentence, where the petitioner's 30-year Wisconsin sentence for being a habitual offender was determined, in part, on the basis of the prior Georgia convictions.

**MEMORANDUM DECISION AND ORDER  7**

*enhancement* that occurred as a result of the misdemeanor DUI conviction. Although there is some relationship between Petitioner's misdemeanor and felony DUI convictions—in the sense that Petitioner may have chosen to enter an *Alford* plea to the felony DUI charge based in part on the outcome of his trial in the case where the conviction was ultimately reduced to a misdemeanor—that relationship is not sufficient to constitute a "positive and demonstrable nexus" between the two convictions and sentences. *Brock*, 31 F.3d at 890. Petitioner was incarcerated on the felony DUI, not *because of* the misdemeanor DUI, but because he failed to preserve his right to appeal the issue of the authenticity of the North Dakota documents in his plea agreement. Further, even if a positive and demonstrable nexus did exist, the Court need not construe the instant petition as challenging the felony DUI conviction, as *Brock* would suggest, because challenges to that conviction are already pending in Petitioner's other habeas case and will addressed in due course.[6]

Because none of the exceptions allowing the Court to hear the Petition applies, the Court lacks subject matter jurisdiction in this case. The Petition will be dismissed with prejudice. As a result of the lack of jurisdiction, the Court does not address Respondent's alternative arguments for dismissal, and all of Plaintiff's pending motions are moot.

---

[6] The Court notes that Petitioner does raise, in his other habeas case, the argument that the felony DUI should have been reduced to a misdemeanor conviction and that he should have been sentenced to time served on his felony DUI conviction, just as he had with respect to the misdemeanor DUI conviction. *See Moore v. Little*, Case No. 1:13-cv-00007-REB (D. Idaho), Dkt. 3 at 4.

**MEMORANDUM DECISION AND ORDER  8**

# ORDER

**IT IS ORDERED:**

1. Respondent's request to enlarge the record (contained in Dkt. 25-1) is GRANTED IN PART and DENIED IN PART. The Court takes judicial notice of Appendix A (contained in Dkt. 25-2).

2. Respondent's Motion To Dismiss for Lack of Jurisdiction (Dkt. 25) is GRANTED, and this entire action is DISMISSED with prejudice.

3. Respondent's Motion for Summary Dismissal based on procedural default (Dkt. 11) is MOOT.

4. Petitioner's Motion to Vacate, Motion for Judgement and Immediate Release/Vacate (Dkt. 19) is MOOT.

5. Petitioner's Motion to Proceed with Judgment Vacature (Dkt. 22) is MOOT.

6. Petitioner's Motion to Enforce Idaho Appellate Vacature or C.O.A. (Dkt. 31) is MOOT.

7. Petitioner's Motion to Add to Vacature and Answer to Respondent's Motion to Dismiss (Dkt. 33-1) is MOOT.

8. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner

**MEMORANDUM DECISION AND ORDER  9**

files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.\

DATED: **December 30, 2013**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER  10**